IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



JACKEE M.,
    Plaintiff,

v.                                          Civil No. 3:24cv404 (DJN)

FRANK BISIGNANO,
Commissioner of the
Social Security Administration,
    Defendant.

### FINAL MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Plaintiff Jackee M. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner" or "Defendant") decision to deny her Title II application for disability insurance benefits and Title XVI application for Supplemental Security Income. This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation (the "R&R") submitted by United States Magistrate Judge Summer L. Speight on August 5, 2025, (ECF No. 17 ("R&R"), which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied, Defendant's Motion for Summary Judgment (ECF No. 14) be granted and the final decision of the Commissioner be affirmed. (ECF No. 18 ("Objections").) For the reasons set forth below, the Court OVERRULES Plaintiff's Objections and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11), GRANTS Defendant's Motion for Summary Judgment (ECF No. 14) and ADOPTS the Report and Recommendation of the Magistrate Judge (ECF No. 17).

## I.  PROCEDURAL HISTORY

On August 18, 2025, Plaintiff filed her Objections (ECF No. 18), raising two objections to Judge Speight's R&R (ECF No. 17). First, Plaintiff argues that Judge Speight erred in rejecting Plaintiff's first argument in her Motion for Summary Judgment (ECF No. 11). (Objections at 1–3.) In support of her motion, Plaintiff had argued that the Administrative Law Judge ("ALJ") evaluating Plaintiff's application failed to: (1) include appropriate limitations in Plaintiff's residual functional capacity ("RFC") assessment to correspond with the ALJ's findings of moderate restrictions in Plaintiff's concentration, persistence and pace; and (2) explain the purported discrepancy between her findings and the RFC assessment. (ECF No. 10 at 5–8.) Second, Plaintiff argues that Magistrate Judge Speight erred in rejecting Plaintiff's second summary judgment argument, where Plaintiff had claimed that the ALJ failed to properly consider the opinions of state agency reviewing psychologists Drs. Howard Leizer and Joseph Leizer. (Objections at 3–5; ECF No. 10 at 8–11.)

On August 25, 2025, the Commissioner filed his Response to Plaintiff's Objections. (ECF No. 19 ("Response").) Plaintiff's Objections therefore stand ripe for the Court's review.

## II.  STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its *de novo* review, the district court analyzes the Commissioner's final decision by the same standard as the Magistrate Judge: the Court must determine whether the ALJ's factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III.   ANALYSIS

After conducting its *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. The Court briefly discusses Plaintiff's two objections, which essentially restate Plaintiff's two allegations of error in her Motion for Summary Judgment, before providing its reasoning for overruling these objections and adopting the R&R without modification.

Plaintiff's first objection centers on what she alleges to be a discrepancy between the ALJ's finding that Plaintiff possessed moderate restrictions in concentration, persistence and pace and the ALJ's RFC assessment, which purportedly contained "no corresponding limitations." (Objections at 1). Plaintiff claims that the ALJ also failed to explain that purported discrepancy. (*Id.*) Judge Speight rejected this argument in her R&R, finding that the ALJ's RFC assessment "makes clear that the ALJ limited Plaintiff to 'simple routine tasks learned through demonstration as opposed to reading instructions' because those are what the ALJ determined

3

Plaintiff could 'understand, remember, and *carry out*.'" (R&R at 15 (emphasis in original) (quoting Administrative Record ("R.") at 22)[1].) The R&R also highlights additional limitations articulated by the ALJ, including performing appropriate tasks "for two hours at a time with normal breaks" and limiting tasks to those "that do not require assembly line work." (*Id.* at 15–16 (quoting R. at 22).) In finding that the ALJ adequately explained that these additional limitations "account for Plaintiff's moderate limitations in her ability to concentrate, persist, or maintain pace," Judge Speight also cites *Olsen v. Berryhill*, No. 3:18cv124, 2019 WL 407469 (E.D. Va. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 404982 (E.D. Va. Jan. 31, 2019), where this Court cited previous opinions holding "that an ALJ appropriately accounts for a claimant's moderate limitations in concentration, persistence and pace — and specifically the ability to stay on task — when the ALJ restricts the claimant to simple routine, repetitive tasks for fixed periods of time." *Id.* at *12 (citing E.D. Va. and Fourth Circuit case law).

The Court agrees with Judge Speight's findings. After considering a broad swath of evidence and properly concluding that Plaintiff had moderate limitations in her ability to concentrate, persist or maintain pace, the ALJ, in her RFC assessment, limited Plaintiff to "simple routine tasks" with time and pace restrictions. (R. at 21–22.) On its review of the record, the Court finds that the ALJ adequately explained her rationale for adopting these limitations, which align with her findings concerning Plaintiff's restrictions, and that substantial evidence supports her RFC determination. As such, the Court finds no merit in Plaintiff's arguments asserting a purported discrepancy between the ALJ's findings and her RFC assessment — given the presence of appropriate limitations in the RFC determination — or a

---

[1] The administrative record in this case remains filed under seal pursuant to E.D. Va. Loc. R. 5 and 7(C).

4

lack of explanation for said discrepancy, given the ALJ's detailed findings and the case law discussed in *Olsen*. For all of these reasons, the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct legal standards, rendering Plaintiff's first objection meritless.

Plaintiff's second objection centers on the ALJ's purported failure to properly consider opinions by state agency reviewing psychologists Drs. Howard Leizer and Joseph Leizer. These opinions both found, in significant part, that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, but that Plaintiff could carry out short and simple instructions, perform activities within a schedule, sustain an ordinary routine, work in coordination with others, and make simple work-related decisions. (R. at 87, 89, 97, 99, 106, 108, 115, 117.) Plaintiff alleges another "discrepancy," this time between the state psychologists' opinions, on the one hand, and the ALJ's RFC assessment and the degree of limitation it assigned to Plaintiff, on the other. (Objections at 4.) According to Plaintiff, the ALJ's RFC assessment "did not adequately reflect" the severity of her restrictions, based on Plaintiff's reading of the psychologists' opinions. (Objections at 3.) Judge Speight rejected Plaintiff's argument in her R&R, finding that the ALJ "adequately explained why she found [the psychologists' opinions] persuasive given their support and consistency with record evidence," and that the ALJ "adopted limitations consistent with their findings [and] included additional limitations based on the record." (R&R at 16–17.) On that basis, Judge Speight rejected Plaintiff's challenge, concluding that the ALJ applied correct legal standards in reviewing the medical opinions and that substantial evidence supported the ALJ's determination.

The Court agrees with the R&R and overrules Plaintiff's second objection on the same grounds. Plaintiff essentially seeks to reargue her first objection through a slightly altered lens.

As discussed above, Plaintiff previously asserted that the ALJ's RFC assessment did not include limitations that correlated with the ALJ's earlier finding that Plaintiff possessed moderate restrictions in concentration, persistence and pace. With regards to Drs. Leizer and Leizer, Plaintiff claims that their assessment that "Plaintiff's ability to maintain attention and concentration for extended periods is moderately limited" — an assessment that, as Judge Speight correctly notes, is very similar to the ALJ's own finding that Plaintiff was "moderately limited in her ability to concentrate, persist and maintain pace," (R&R at 20) — is not "adequately reflect[ed]" in the RFC. (Objections at 3.) As with Plaintiff's first objection, the Court finds that the Administrative Record reflects otherwise. The ALJ appropriately articulated and considered both the consistency and supportability factors in assigning weight to the psychologists' opinions, which the ALJ found largely but not entirely consistent with the record, and deemed them "generally persuasive." (R. at 25.) The record also supports a finding that the ALJ's well-reasoned RFC assessment stands consonant with the psychologists' findings, and that no "discrepancy" exists. As such, the Court finds that the ALJ applied correct legal standards and that substantial evidence supports the ALJ's conclusions. The Court therefore overrules Plaintiff's second objection as well.

## IV. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the ALJ employed the correct legal standards in reaching that decision. Therefore, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 17) is ACCEPTED and ADOPTED as the OPINION of the Court;

2. Plaintiff's Motion for Summary Judgment (ECF No. 11) is hereby DENIED;

3.  Defendant's Motion for Summary Judgment (ECF No. 14) is hereby GRANTED;

4.  The decision of the Commissioner is hereby AFFIRMED; and

5.  This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 16, 2025